All right, can you call the next case? ATO 579, we are not qualified to receive the Professional Neurological Services, Ltd. program. Would you all like to take a break for a moment? I just chatted with them, and they said no, we're keeping going. All right. So thank you. Come on up and please tell us your names. I'm David Heppelhorn for the Plaintiff and Appellant. Richard Steck for the Defendant. All right. As I've told other lawyers, you each have 20 minutes. You do not need to use the whole 20 minutes, but Mr. Heppelhorn, would you like to reserve part of your 20 minutes? Yes, I would like to reserve four minutes. Okay, you have it. All right, please keep your voices up, and whenever you're ready. Good afternoon, and may it please the Court. This is the case about an uncommon procedural history and generally intentional misconduct. Given the shortage of time, I would like to discuss the intentional misconduct in the pleading issue, then Balseonis. I think the Mormon issue can be dispatched very quickly and is probably adequately stated in the briefs. If I run out of time, that's why. Briefly, the history of the case is before you because the plaintiff, Appleby, says that the defendant, Herzog, told her, keep on working, we're going to pay you, the corporation's got enough money, and even though the checks are bouncing, you're going to get paid. Was she employed by Dr. Herzog or by the corporation? By the corporation. He was the president of the corporation at the time and a one-third shareholder. Was she an employee or an independent contractor? I think she was an independent contractor, but I'm not sure that that's relevant to the liability. Well, only that she might have a wage payment that she didn't employ. It is my recollection, and I think it's pleaded, that she's an independent contractor. I did not pursue a wage claim. How much money was she owed? About $60,000. Case was originally filed. Settlement agreement is reached. Some payments were made. The payments stopped, and then the case was refiled. When the case was refiled, it took 17 months and three process errors to serve Defendant Herzog. Defendant Herzog comes in, and it's assigned to the first motion judge, Judge O'Hara. There are two motions interposed about service. One's denied in the law. One's denied in the facts. Then another motion comes up where I should be in the commercial division because this is really a commercial case. That's denied on the basis that you chose to interpose these motions and not to go anywhere earlier. Then there's a motion to dismiss, and then, as I recall, I think it was a separate motion. There was a motion that the actual settlement agreement barred pursuing the case. All of those were denied, answered with allegations that had been adjudicated previously by Judge O'Hara, and those were stricken, and then that's where the fun starts. Case is transferred from Judge O'Hara to another motion judge, Judge Gomolinsky. Judge Gomolinsky says, I'm going to transfer this to the commercial calendar. I said that motion had already been interposed previously and was denied. He said, I'm doing it anyway. Then the sanctions had been specifically reserved by Judge O'Hara at the end of the last motion. He said, I'm going to rule on those. Not surprisingly, they were denied, and we go over to the commercial division. The commercial division judge, Judge Brennan, looks at the complaint and the answer and says, I'm granting leave to the defendant to withdraw his answer and file a motion to dismiss. She takes a look at the motion to dismiss and says, I'm dismissing this with prejudice. At that hearing, I look at her and I say, I would like to be heard. She said, fine, you can file a response. No reply will be necessary. Not surprisingly, it gets dismissed, and that's how we are before you. The issue that I'll start with and I'm guessing is most important to you is the issue of intentional misconduct. Defense counsel argued that there's no such cause of action. There are two answers to that. One is, if you're taking issue with a caption of count three, fine, we'll change it to aggravated negligence. If you're saying that there is no cause of action for intentional misconduct, the legal argument is different. Counsel did not make this argument, but I would expect, knowing two of you, to make it. Unless you're Applewhite. There's this look at that Jane Doe case that says willful and wanton conduct is not an independent tort, but rather is an aggravated form of negligence. The response to that is that if I have to plead and prove something different than negligence, which is what that case goes on to say, I have to plead and prove a heightened state of mind, that frankly is a different cause of action. You've read the briefs. If you look at the jury instructions, they say intentional misconduct has three different kinds of ways you can do it. One is intentional. One is willful and wanton, and the other is fraud. Just to go, maybe this is a basic question, but what's the tort? What's the wrong? I understand that you can have intentional torts, but what's the tort here? What is the, is it negligence? Is that what you're alleging? Is it fraud? What is it? It is not negligence. It is not fraud. It is something different. To borrow a phrase from the Illinois Supreme Court in 1905, negligence and willfulness are as unmixable as oil and water. Willful negligence is as self-contradictory as guilty innocence. It is not negligence. It is akin to negligence, and specifically, defendant Herzog owed her a duty of reasonable care to tell her the truth. He didn't tell her the truth. The allegations say very specifically, you told her that she was going to get paid, and you continued to issue her checks when you knew or should have known that she wasn't going to get paid, and knew or should have known are magic words in the sense that they are pleading in Illinois for ultimate facts, what did you know? Well, did he have a duty to pay her? No, he didn't have a duty to pay her. Okay. So who had the duty to pay her the wages she was? Corporation. Corporation. So, so what duty, the duty you're alleging Dr. Herzog violated was he lied. Was, pardon me, was he lied? He lied, he didn't tell her the truth. Yes. And he had a duty to tell her the truth, and he didn't tell her the truth, and as a result of that she was damaged by the lie? Yes. And that damage was caused by what, her continuing to work or what? She continued to work. So isn't that fraud or isn't that trying to be fraud? Why isn't that fraud? It is fraud, but it is also intentional misconduct. In order to satisfy fraud you have to prove some other things. You don't have to prove the duty of reasonable care. The elements of fraud generally are that you have to say you made a statement intending that they were a lie, they did in fact were a lie, and then that's reliance from, that's consistent with tort law, and that the reliance caused damages. It is fraud. In fact, I believe it could be argued as fraud. As a trial lawyer. So are you saying that you pled fraud? I'm saying that I pled fraud, yes. Okay. And I said that in the brief. Did you raise that for Judge Brennan? Because if you pled fraud it would seem to me that your argument is no matter what I called it in my caption, intentional misconduct or just being a dirty, rotten doctor or whatever, I pled a cause of action. Okay. It is my recollection as I stand here that I said that in my brief. Do I have that brief in front of me? No. You're briefing the trial court. Yeah, the one that I had to ask for. Right. But the legal issue here is something else, and that is that the fraud and intentional misconduct may cross over in certain areas, but that doesn't mean that it's an either or. They can be both. That means that it doesn't have to be either or, it can be both. If there is a duty of reasonable care, and if you breach that duty, then you can have intentional misconduct. It may also be fraud. What creates the duty in this case? In this case, number one, he was acting as the president talking about corporate affairs in that circumstance. But did he lie about the assets? Did he lie about anything else that's concerning the corporation? Because it sounds like it's just one incident where she was told, oh, you'll be paid on a balance check. There are two things that, two questions you asked, and I'll answer both of them. The second one is, yes, in fact, he said, you're going to get paid. It was a balance check. But the key part of this is not that he said that. It's that he knew or should have known that she wouldn't be paid. The second part is, and that's the first part of it, he would also have a duty, if in fact you were to rule that as the president of the corporation, he didn't have to say anything to her, voluntary assumption of the duty. If he had no duty to act and he chooses to come in and do it, then he has a duty to act reasonably. The classic case is the, what is it? It's a drug company case where they say, you have no duty to warn. But if you do choose to warn somebody, you've got to warn them reasonably. So in that sense, that's where his duty comes from. That's why he had to do it. And that's what makes it different than just saying nothing. If he had said nothing, then she would be on her own. You know, caveat emptor. That's not what we have here, and that's not what she said to me. So the issue then, to go back to your point, it may be fraud, and I think it is, but it's intentional misconduct, and you don't have to have either or. And if you go back and you look at negligence, intentional misconduct, and fraud, they all have common elements. They all have approximate causation and damages, but they're different. Fraud doesn't have the duty of reasonable care. It's as if you make a statement and intend that they rely. Negligence does have that duty of reasonable care. Intentional misconduct has that duty, but you have a heightened, a heightened mental state in order to do that. As a trial lawyer, I would prefer to go into the trial having the option to plead or to prove to the jury the easiest things that are there. I may choose later to go do fraud, but that's different. In terms of the pleading, all right, are there any more questions on the legal issue? Angel, okay. Pleading of people ex relf reiner. What am I supposed to do? What does the court say that I have to plead? If I am pleading fraud, I have a different pleading standard. I have to plead more. But, in fact, I pled enough for fraud, and I certainly pled enough for negligence and intentional misconduct. The standard from people versus ex relf reiner is all they had to prove, all that was required to be alleged, was that these people conspired to fix prices for golf cart fees for golf courses, and the court went on to say, the rest of this is evidence you can develop in trial. What did I plead? I pled dates, people, specific statements, and checks that bounced so they could be cross-referenced. That is adequate pleading. The Belsen Eunice issue is mostly a case of this court's supervisory responsibility for the circuit court. The defense, if they had argued it, I would expect them to say, black or white, no harm, no foul. You've got a de novo review here in front of the first district. Goodbye. My argument is different. We had prosecuted that appeal because we had two judges, mostly Judge Brennan, partially Judge Gomolinski, who, Gomolinski was a judge shopping issue. I'm saying that broadly. Okay, you get to go find another judge. You didn't like what Judge O'Hara did previously. We'll give you another judge. Judge Brennan was, I'm looking at the very same complaint, no changes, and she even goes so far as to say, withdraw your answer, file a motion to dismiss, and if I hadn't said anything, there wouldn't even be a brief. If you find that you want to talk to the circuit court and exercise your supervisory responsibility, I think this is a case to do it. I would also argue that if you believe that that principle was violated, all of those orders should be vacated. It should be sent back to the original judge and have that original judge handle everything. It is a way for you to say to the circuit court, we want you to take it seriously. Is my time good? No, you have one more minute. Okay, quick. My argument on Mormon is simple. It dies for two reasons. No contract, either alleged or provided by the defense. Second, Mormon itself says if you are involved with intentional misconduct, as opposed to just simple breach of contract, then it also does not apply. Talk to you in a few minutes. Thank you. Good afternoon, Your Honors. My name is Richard Stack, and I represent Dr. Herzog. The matter before you is whether the complaint states a cause of action, and that's the only thing that's before you. Counsel was aggravated by some procedural history, but that's really got nothing to do with this case. The only question is whether there's a cause of action stated. He's trying to turn this into a Bacchinius versus Duff issue. That's really nowhere near close to being the case. As he notes in his brief, these complaints on the 2615 motion, when they're dismissed for that, it's reviewed de novo. Am I right that you did not respond to that issue in your brief? I don't think there's a line in the brief that directly responds to it, because, frankly, I didn't think it was a serious issue. I may have overlooked it. The problem is, in Bacchinius versus Duff, there was a discovery order that was entered, and there was discretion exercised by the court as to what things were going to be allowed in discovery and what things weren't going to be allowed in discovery. This is not the case of discretion. This is where this complaint either states a cause of action or it doesn't. You're going to review it de novo. Would you agree that the caption in the complaint describing or labeling the cause of action does not control? I do agree, but I think you have to look at it to try and figure out what the rest of this is about. But you agree that in any complaint where they put paragraph nine, name some cause of action, that doesn't control? Yes, but I think I look at it only to try and see where he's going. I mean, normally a lawyer files a multi-account complaint. He labels the causes of action. He can give you a hint where he's going. You look to see where he's going. If you, after reading what follows it, you can't figure it out. Which is exactly what the case was here. Okay, so make your argument on that. Because he denied below that this was a fraud claim. And he's actually, one moment here in this court before you, he said it wasn't a fraud claim. And then two minutes later he said it was. And then he said, as a trial lawyer, I don't really want to get pinned down as to what my cause of action is before I go in and argue it because it requires, you know, I want to keep that flexibility. I guess to me that means I want to keep the ball hidden so that I don't know where my opponent doesn't know where I'm going. And that's really what he was doing here. If there's a cause of action in here, it's mixed up with two or three others. Well, but you did file an answer initially. I was forced to file an answer. I didn't file it initially. I filed an option to discuss. But an answer was filed. An answer ended up being filed. I was required to do that. Okay. We got finally to the commercial calendar where this case belonged in the first place because the real judge shopping here was done by my opponent when he tried to get this into the tort division of the case. And I agree. It doesn't really make any difference, okay? But that's how it got to Judge Brennan. Eventually, the judge who the court transferred the case to without a motion in mind decided it belonged on the commercial call by himself. I didn't even have to tell him. He looked at it one time and said this is a commercial case. But even before the judge in the tort claims division or the personal injury division and before any judge I was over in front of, I said I can't figure out what this cause of action is. Let's assume for a second it's a fraud claim. What's wrong with it? If it's a fraud claim, it pleads various states of mind, first of all. It's either reckless or intentional, which is not the same thing. Fraud has to be pled with specific intent, not accidental intent of any kind or reckless intent. That's one. Secondly, there's nothing in here that says that the appellant relied on anything that Dr. Herzog said. So the reliance is not there. Thirdly, again. He says she continued working based on what Dr. Herzog said. So it's in there. He has reliance, doesn't he? Yeah, but it's contradictory. There's so many contradictions within the same four corners that it's hard to say that she's relying only on Dr. Herzog. Yes, she continued to work after he said something to her at an unknown time and place. We don't even know really what he said. Keep working, you'll get paid is the basic. But it's not the kind of specificity that fraud is supposed to be pled with. He also says in his complaint that Dr. Herzog said things to others, staff members who are unidentified. It's, again, some unknown time and place. So fraud hasn't been pled with specificity. But even going beyond that, even for fraud, there has to be some duty. And counsel alluded to it, and there is no duty here. Dr. Herzog didn't owe her a duty. He argues that Dr. Herzog assumed the duty by simply suggesting to her, don't worry, you'll get paid. I don't think you can assume a duty that way. You're an officer of the corporation. Besides which, what he supposedly said to her was a promise of a future event. You're going to get paid in the future if you wait. That you can't have a fraud claim based on a promise of future conduct. And he's not even promising his own conduct. He's promising some conduct on behalf of a different party, the entity of which he is president, which I don't know is a minority stockholder, which isn't the complaint that he could necessarily promise anyway. Dealing with this complaint is a little bit like running in mud. You've got different duties alleged. Actually, the only duty I think that he alleges that there was a duty of reasonable care, which I don't think applies if this is a fraud claim. He alleges different kinds of intent. He appears to have alleged negligence based on the facts, but then he also alleges reckless conduct. And finally, he alleges some intent. So he's got three different, or at least two different duties, three different intents, and I don't think he's really pled anything in the bottom line. He's waffled all over the place is what he's trying to claim. That's not fair to a defendant. If we're going to be charged with fraud, then we ought to plead the elements of fraud, and that should be it. You can't mix two causes of action in a single claim. And as I said, when I was in the circuit court, every time I appeared, I said, I still don't know what this cause of action is. I think Judge Brennan was very reluctant, actually, to look at the cause of action all over again. She didn't hear me the first couple of times I said that, but we got into some discovery issues, and I referred her back to the complaint to say, what do these requests and discovery, what do they relate to in this complaint? And then she had me look at the complaint hard, and then she turned to counsel and said, what is this cause of action? I think it's the same question that Justice Mink asked at the outset of Curtis' arguments. What is the tort? It's really hard to tell from this complaint what it is. And since he's denied that it's fraud, he says he doesn't really want to plead it because he doesn't want to have to prove all the elements of it. He wants to keep his options open. Then what is it? I don't know. There is no other cause of action. There is no separate, generic cause of action for intentional conduct. It's got to fit within something that the courts have said the intentional conduct can be seen upon. You could look at it and liberally construe it by saying he pled an intention on the part of Dr. Herzog to defraud the plaintiff out of her wages that she was due for working for the corporation. I mean, there's a lot of ways of saying the intent and morphing whatever the words on the paper are into the cause of action, and do we have something worth pursuing? I don't think we're supposed to be morphing things. But you're supposed to be liberally construing causes of action so that ultimately justice prevails. If you read the complaint, it's very clear that somebody went to work for this corporation run by Dr. Herzog and she worked for a period of time and didn't get paid. According to the complaint, and that's true, he promised her, just keep on trucking or you're going to get paid eventually, and he knew she'd never get paid. That's what he's saying. I think you can interpret it that way, among others, unfortunately. Among others is the evidence part. No, I think it's a pleading standard. The code says you're supposed to plead one cause of action at a time. You're not supposed to have some attorney coming into court and deciding what his cause of action is after the evidence has gone out. And that's part of the problem. And the overriding problem, even if he was able to plead something, is that he can't really plead it in this kind of a case because of the Mormon doctrine. This is nothing more than a typical commercial case. We've got somebody who is a vendor of services. She's an independent contractor. She's a vendor of services. She's providing the services by herself, but she's really in no different position than other vendors of services. And they all go to work as an independent contractor for somebody, and the claim is against the somebody that you're working for, which is in this case the corporation. It's either an express or implied agreement to work in return for wages, and it wasn't paid. It's not wages. Well, salary or piecemeal or whatever she was doing. It's not salary. She's getting paid for specific services. Okay. So she's not an employee. These aren't wages. It's not a salary. She's not an employee of the company. Is it pursuant to some express or implied agreement? Yes, and it's really no different than if she was supplying widgets to be worked on by the company and sent a bill for the widgets. In this case, it happens to be services, but it's really no different. Right. And her remedy is against the corporation. It's not against corporate officers, and that's what the prime leasing case is about. They don't owe her a duty. Individuals who happen to be officers of the corporation do not owe her any duty at all, and without a duty, there is no tort. And I think that's really what it boils down to. There are some circumstances, special circumstances, where there could be a duty, but he hasn't pled any of those. And there's also a question on standing even if he could plead them. Usually, those kinds of cases belong to a trustee in bankruptcy or some official of that kind, a receiver or somebody like that, not an individual vendor of product or services to a corporation. That's, I think, the IO's case, ION case. I can't read my own note here, but it's cited in the brief. And in the case where you simply have, I'm going to call it garden variety case. I've always hated the word garden variety in these circumstances because it certainly wasn't garden variety to Dr. Appleby, and I'm not suggesting that it was. But it's a very typical commercial case. You work for a corporation by providing services or by providing some product. You don't get paid. You're not happy. You can't go out and sue the president of the company for not paying you. It just doesn't work that way. These individuals are not in the business as lawyers or doctors are. Well, you could if you could establish it was the alter ego. You could, but that's not alleged. He tried to allege it at one point, and he decided that, I think it's paragraph 16D and E of the complaint were to be withdrawn. That's his brief at page three. He withdrew them. And I think he realized he couldn't prove it, which is why he was forced to withdraw it when we got around to doing the discovery on those particular aspects of it. So he didn't try to plead that. He can't plead fraud. He didn't try to plead fraud. In fact, denied he was pleading fraud. Now it's, again, a moving target. And it's just in this complaint, it's either a mixed claim. It's a mixed claim for sure. I don't know which cause of action he's trying to plead. There isn't a duty. He doesn't plead one. He pleads various degrees of intent. I don't know that any of them fit any cause of action. And I don't really think that he's pled fraud in the way it should be pled, although if you do handstands, you could probably do that, probably find in there some idea that he's claiming fraud, even though he denies that he actually wants to plead it. So I don't think that there's anything here. I don't think there ever was. And I think he should affirm. Thank you, Counsel. All right. Counsel says I didn't plead reliance. Paragraph 20, and I will read it to you. As a direct and proximate and foreseeable result of each of the foregoing wrongful acts and omissions by Malcolm D. Herzog, Melana Appleby, M.D., worked for Professional Neurologic Services, Inc. without payment, did not pursue other employment opportunities in reliance on the representations, and had incurred expense. Counsel is unreliable. He's also unreliable when he wanted you to believe that I said, I don't think there's a fraud case here. What I said was I did not plead a fraud case. I came to you with a very specific tort question. Frankly, you can say this is a tort case because I plead duty, breach, proximate cause, and damages. I am asking you a sophisticated question and arguing it here, which is just because it sounds like fraud doesn't mean it cannot also be an intentional tort. And I talk about the differences between negligence and torts in order to show that elegant legal analysis. His argument that, oh, this is just nothing other than another commercial of this beer where we originally had a contract, we promised to pay, you can't sue the officers. Your question to me should be, what's the difference, Applewhite? The answer is the allegation the lawyer should have known that it wasn't, she couldn't be paid. That's the difference. Does he have a duty? He says he doesn't have a duty. He's the president of the corporation. He could say nothing, but when he started to talk, he was speaking as a person. If he was going to go outside, as you said, ultra-virus, then that takes him out of the protection that the corporation provides. You see those cases in the brief. Finally, I think you said it when you said what the law is. Is there a cause of action in there? And if so, what should it be? Should it be dismissed if he does not agree with what I pleaded, even though it's in there? The law says, no, you can't dismiss it. And as I said on the Balcionis v. Duff issue, I think that is an issue for you to decide. Anything further? Thank you, counsel. Thank you. All right, court is adjourned. Thank you. You will take this under advisement.